**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SECRETARY OF U.S. DEPARTMENT OF LABOR,** | **CASE NO. 1:19-CV-00968** |
| Plaintiff, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| **ROBERT KAVALEC, et al.,** | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | |

This matter comes before the Court upon the parties' simultaneous briefing regarding the appropriateness of a stay of this case. Plaintiff Secretary of U.S. Department of Labor (the "DOL") opposes a stay. (Doc. Nos. 40, 46.) Defendants/Third-Party Plaintiffs Robert Kavalec, Charles Alferio, Victor Collova, the Board of Trustees of the Fleet Owners Insurance Fund ("the Board"), and the Fleet Owners Insurance Fund (the "Fund") (collectively, "Defendants") all request that a stay be granted until March 1, 2020. (Doc. Nos. 38, 41, 43, 44, 45, 47.) Third-Party Defendant Medical Mutual Services, LLC ("MMS") has not taken a formal position, but, on balance, believes a stay is appropriate. (Doc. No. 39.) For the following reasons, it is hereby ORDERED that this case be STAYED until March 1, 2020.

**I. Background**

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*. According to the DOL, the Fund is an employee benefit plan within the meaning of ERISA and a multiemployer health and welfare plan that provides health, welfare, and death benefits to covered members and eligible dependents, including employees of the

Fund's participating employers. (Doc. No. 1 at ¶¶ 3, 5.) Kavalec, Alferio, and Collova all either served or continue to serve as Trustees of the Fund. (*Id.* at ¶¶ 12-14.) The DOL alleges that the Board, Kavalec, Alferio, and Collova, as fiduciaries of the Fund, violated multiple provisions of ERISA by, among other things, authorizing and approving the payment of their own compensation and administering the Fund in violation of the Health Insurance Portability and Accountability Act and the Patient Protection and Affordable Care Act. (*Id.* at ¶¶ 22-96.)

On April 30, 2019, the DOL filed its Complaint against Defendants based on the above allegations. (*Id.*) Defendants all answered the Complaint and asserted third-party claims against MMS. (Doc. Nos. 5, 20, 21, 32.) MMS served as the claims administrator for the Fund and was generally responsible for processing and paying, according to the terms of the Fund's benefits book and summary plan description, claims for medical and health expenses incurred by covered persons who participated in the Fund. (Doc. No. 28-1 at 3.) MMS has moved to dismiss Defendants' Third-Party Complaints against it. (Doc. Nos. 28, 33.) The DOL has also filed motions to strike the jury demands and certain affirmative defenses asserted by Defendants. (Doc. Nos. 17, 23, 42.)

On August 27, 2019, the parties participated in a Case Management Conference with the Court. During that conference, counsel for the Fund, the Board, and Kavalec (in his capacity as employee Administrator and not as Trustee), Kavalec, *pro se*, counsel for Collova, and Alferio, *pro se*, orally requested a stay of proceedings until March 1, 2020. The Court directed the parties to advise the Court by September 10, 2019 regarding whether they were agreeable to such a stay. (Doc. No. 34.) On September 11, 2019, the parties filed a Joint Status Report in which they advised the Court that they were unable to come to an agreement regarding a stay of this matter. (Doc. No. 35.) As a result, the Court directed the parties to engage in simultaneous briefing regarding the

appropriateness of a stay. (Doc. No. 37.) In particular, the Court asked the parties to address the three factors courts typically consider: (1) any prejudice to the non-moving party if a stay is granted, (2) any prejudice to the moving party if a stay is not granted, and (3) the extent to which judicial economy and efficiency would be served by the entry of a stay. (*Id.*)

Pursuant to the Court's Order, Defendants filed briefs in support of a stay, and the Fund and Collova also filed responses to the DOL's brief. (Doc. Nos. 38, 41, 43, 44, 45, 47.) Although Defendants filed briefs individually, the Court will address their relevant arguments together, as all are in favor of a stay. First, Defendants argue that the DOL will not be prejudiced by a stay because the DOL started investigating the Fund four to five years ago and delaying this case several more months would not prejudice the DOL in any way. (Doc. No. 38 at 2; Doc. No. 41 at 3; Doc. No. 43 at 2; Doc. No. 47 at 2.) Defendants also point out that the DOL has not alleged any imminent danger to the Fund from mismanagement that would exacerbate any shortage in funds, and delay alone is not a sufficient reason to deny a stay. (Doc. No. 44 at 5-6; Doc. No. 38 at 2.)

Next, Defendants contend that the Fund would be prejudiced if a stay is not granted. Defendants assert that the Fund has an obligation to pay Kavalec, Alferio, and Collova's legal fees in this action, and that such payment is legally permissible. (Doc. No. 44 at 12-13.) In addition, there is an existing insurance policy that potentially provides coverage for both the Fund and the individual Defendants in this case, but the Fund's initial claim was denied by the insurer. (Doc. No. 41 at 3.) Thus, Defendants contend that, without a stay, the Fund would be prevented from attempting to obtain coverage from its insurer before additional legal fees are incurred, which would deplete the Fund's limited resources and harm the Fund's participants. (Doc. No. 38 at 3-4; Doc. No. 44 at 12-13.) Defendants have represented that the Fund has approximately $2.2 million in total resources, and

there is already litigation pending against the Fund for over $2 million, in addition to roughly $550,000 in open claims. (Doc. No. 38 at 3; Doc. No. 43 at 3.) Defendants also claim that the individual Defendants would be prejudiced by the lack of a stay because without the opportunity to obtain payment for their legal fees from either the Fund's insurer or the Fund itself, they likely will have to proceed in this litigation without counsel. (Doc. No. 41 at 3; Doc. No. 44 at 13-14.) Collova's counsel has not been compensated for representing Collova to date, but will not be able to continue its representation without compensation indefinitely. (Doc. No. 44 at 4 n.1.) In addition, Kavalec, in his capacity as Trustee, and Alferio have already been representing themselves *pro se*.

Finally, Defendants assert that a stay would promote judicial economy and efficiency for several reasons. First, because the Fund ceased accepting premiums as of February 28, 2019, no additional claims will be eligible to be paid after February 28, 2020. (Doc. No. 41 at 2.) As a result, as of March 1, 2020, the Fund will know with relative certainty its payment obligations to its members. (*Id.*) Defendants argue this knowledge will significantly advance this litigation, as it will affect how the parties and the Court view the claims and alleged damages in the case. (*Id.* at 4.) Second, Defendants contend that a stay will promote settlement by providing the Fund time to resolve outstanding claims and Defendants time to secure insurance coverage that would ensure that the maximum funds are available for any potential settlement. (Doc. No. 38 at 4; Doc. No. 44 at 15; Doc. No. 47 at 3.) Third, Defendants argue that judicial efficiency is enhanced when all parties are represented, and a stay again provides time for Defendants to obtain insurance coverage and, thus, representation. (Doc. No. 44 at 15-16.)

As noted above, the DOL filed a brief in opposition to a stay, as well as a response to Defendants' briefs. (Doc. Nos. 40, 46.) The DOL argues that it would be prejudiced by a stay because

4

it has brought its claims in a representative capacity on behalf of the Fund, and a stay would delay the adjudication of this case and the restoration of losses to the Fund, which could cause Fund "participants to be responsible for the full amount of their unpaid health claims." (Doc. No. 40 at 8.)

Moreover, the DOL asserts that the Fund would not be prejudiced were the case to proceed because the DOL does not allege any violations against the Fund itself and the Fund is prohibited by law from paying or advancing legal fees to the other Defendants. (*Id.* at 9.) Thus, contrary to Defendants' claims, the DOL asserts the Fund's assets would not be depleted through legal fees. (Doc. No. 46 at 2.) The DOL contends that Kavalec, Alferio, and Collova also would not be prejudiced if a stay was not granted, as the only effect would be that they would continue to incur their own defense costs if they were unable to resolve their disputes with their liability insurer, and this is not a legally cognizable reason for a stay. (Doc. No. 40 at 14.) The DOL also questions the propriety of the Fund engaging in coverage suits that may be meritless or only benefit the individual Defendants. (Doc. No. 46 at 4-5.)

Finally, the DOL argues that a stay would not promote judicial economy or efficiency because the other litigation currently pending against the Fund will not resolve any issues in this case. (Doc. No. 40 at 15.) In the event that the Court finds that a stay is warranted, the DOL requests that any stay be limited to sixty days. (*Id.*)

MMS also filed a position statement regarding the potential stay of this action. (Doc. No. 39.) MMS notes the potential prejudice that the various parties may face, including the fact that a stay would prevent MMS from seeking expedited dismissal of what it believes are meritless claims against it. (*Id.* at 2.) While MMS believes, on balance, a stay is appropriate, it "has no formal position as to the propriety of a stay." (*Id.* at 3.)

5

## II. Analysis

The Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Moreover, "[t]he decision to enter a stay 'ordinarily rests within the sound discretion of the District Court.'" *Georgia-Pacific Consumer Products LP v. Four-U-Packaging, Inc.*, No. 3:09CV1071, 2010 WL 55973, at *2 (N.D. Ohio Jan. 5, 2010) (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)). In exercising that discretion, "a district court generally considers three factors: (1) 'any prejudice to the non-moving party if a stay is granted,' (2) 'any prejudice to the moving party if a stay is not granted,' and (3) 'the extent to which judicial economy and efficiency would be served by the entry of a stay.'" *Griffin v. Portaro Grp., Inc.*, No. 1:18-CV-2786, 2019 WL 1577929, at *1 (N.D. Ohio Apr. 12, 2019) (quoting *Williams v. City of Cleveland*, No. 1:09CV02991, 2011 WL 2848138, at *2 (N.D. Ohio July 14, 2011)).

Having considered all of the parties' arguments, the Court finds that a stay of this case is appropriate. Initially, the DOL has failed to establish that either it or the Fund would be prejudiced by a stay. The DOL offers no evidence that a stay would prejudice it, besides indicating that a stay would delay the adjudication of its claims. But delay alone is generally not sufficient to prevent a stay, as it is inherent in any stay. *See Automated Packaging Sys. v. Free-Flow Packaging Int'l*, No. 5:14CV2022, 2016 U.S. Dist. LEXIS 194647, at *10 (N.D. Ohio Apr. 15, 2016) ("Plaintiff indicates that a stay will not prejudice Defendant or present it with a clear tactical disadvantage, beginning by correctly asserting that delay in itself is not enough to deny a stay."). Moreover, the DOL's lengthy investigation prior to bringing suit suggests that there is no pressing need to resolve its claims against

Defendants. With regard to the Fund, for which the DOL brings its claims in a representative capacity, the DOL asserts a stay may result in Fund participants not being fully reimbursed for their unpaid health claims. However, the DOL does not identify any way in which a stay would exacerbate the Fund's shortage of resources. As Defendants point out, the DOL does not allege that Fund assets are currently being misused. Finally, MMS indicates that the only potential prejudice it would face from a stay is the delay of its dismissal, but does not oppose a stay, and has stated it believes a stay is appropriate. Thus, the Court concludes that this factor does not weigh against a stay.

While the DOL would not be prejudiced by a stay, multiple Defendants would be prejudiced if the Court does not grant a stay. First, although the parties highly contest whether it is legally permissible for the Fund to pay the other Defendants' legal fees—and the Court takes no position on that issue at this time—continuing litigation would eliminate any opportunity for the Fund to avoid a legal dispute and to obtain coverage from its insurer for these expenses before they start to incur. Relatedly, if the Court does not stay the case, Kavalec, Alferio, and Collova will not have time to obtain coverage for their legal fees and will likely have to proceed in this litigation without counsel based on their lack of funds to pay for a defense. This prejudice to Defendants supports the grant of a stay. *See Pan Am Sys., Inc. v. Hardenbergh*, No. 2:11–cv–00339–NT, 2012 WL 4855205, at *2 (D. Me. Oct. 12, 2012) (granting a stay pending the resolution of the defendant's duty to defend claim against his insurer).

Additionally, judicial economy and efficiency would be served by the entry of a stay. By March 1, 2020, the Fund will know its total payment obligations to its members and will have had time to resolve many members' claims, which will help facilitate settlement. The potential for Defendants to obtain insurance coverage will also maximize the potentially available funds, further

7

increasing the chances that the parties will be able to reach a settlement. Finally, efficient adjudication of the issues will be improved if all of the parties are represented by counsel. As such, this factor also favors a stay in this case.

Accordingly, the Court finds that a stay of this case is warranted. In addition, the Court declines to adopt a stay of only sixty days, as advocated by the DOL. The Court agrees with Defendants that sixty days is an arbitrary number. Many of the benefits from a stay of this case, as discussed above, only arise if the case is stayed through March 1, 2020. Thus, the Court will stay this case until March 1, 2020.

## III. Conclusion

For the reasons set forth above, it is hereby ORDERED that this case be STAYED until March 1, 2020. Further, the Fund is ORDERED to provide the Court with a status report on December 1, 2019 and every thirty (30) days thereafter during the stay of proceedings. The parties are to meet and confer by November 15, 2019 to reach an agreement as to the content of the status reports.

**IT IS SO ORDERED.**

    *s/Pamela A. Barker*
PAMELA A. BARKER
Date: November 1, 2019    U. S. DISTRICT JUDGE