**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SECRETARY OF U.S. DEPARTMENT OF LABOR,** | **CASE NO. 1:19-CV-00968** |
| Plaintiff, | **JUDGE PAMELA A. BARKER** |
| -vs- | |
| **ROBERT KAVALEC, et al.,** | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | |

This matter comes before the Court upon the Motion for Leave to File a Third-Party Complaint ("Defendants' Motion") of Defendants/Third-Party Plaintiffs Robert Kavalec, Charles Alferio, Victor Collova, and the Board of Trustees of the Fleet Owners Insurance Fund (collectively, "Defendants"). (Doc. No. 61.) Plaintiff Eugene Scalia, Secretary of Labor (the "Secretary"), United States Department of Labor, filed a response to Defendants' Motion on March 3, 2020, to which Defendants replied on March 4, 2020.  (Doc. Nos. 62, 63.)  For the following reasons, Defendants' Motion (Doc. No. 61) is GRANTED.

**I.   Background**

On April 30, 2019, the Secretary filed a Complaint against Defendants in this Court, setting forth claims for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*  (Doc. No. 1.)  The Secretary alleges that Defendants, as fiduciaries of the Fleet Owners Insurance Fund (the "Fund"), violated several provisions of ERISA by, among other things, authorizing the payment of their own compensation and personal expenses by the Fund, allowing an ineligible person to participate in the Fund, and administering the Fund in violation of the Health

Insurance Portability and Accountability Act and the Patient Protection and Affordable Care Act. (*Id.* at ¶¶ 22-96.)

On February 19, 2020, Defendants' filed the Motion currently under consideration, seeking the Court's leave to file a third-party complaint against Hudson Insurance Company ("Hudson"). (Doc. No. 61.) Defendants assert that Hudson insured Defendants under several liability insurance policies issued for periods during which the Secretary alleges that Defendants engaged in misconduct and that these policies require Hudson to defend them in this action, but Hudson has refused. (*Id.* at 1.) The Secretary opposes Defendants' Motion, unless the claims asserted in Defendants' proposed third-party complaint are severed. (Doc. No. 62.)

**II. Analysis**

Rule 14 provides, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008).

However, "a party does not have an absolute right to implead." *U.S. Commodity Futures Trading Comm'n v. Complete Developments, LLC*, No. 4:10 CV 2287, 2011 WL 4361633, at *3 (N.D. Ohio Sept. 19, 2011). "Whether to allow an impleader lies within the sound discretion of the Court." *Harmon v. Hamilton Cty., Ohio*, No. 1:10-CV-911-HJW, 2011 WL 6091786, at *2 (S.D. Ohio Dec. 7, 2011). "[I]n determining whether to exercise its discretion and allow a third-party

2

complaint to proceed, a court may consider whether granting the motion for leave 'would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'" *Laurent v. Diltz*, No. 3:17-cv-343, 2018 WL 5722715, at *5 (S.D. Ohio Nov. 1, 2018), *report and recommendation adopted*, 2018 WL 6046859 (S.D. Ohio Nov. 19, 2018); *see also Galvan v. Honeywell Int'l Inc.*, No. 07–12670, 2008 WL 11355513, at *1 (E.D. Mich. May 21, 2008) ("In exercising its discretion in resolving such a request, courts consider the following factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead.").

In this case, the Secretary argues that Defendants' state-law dispute with Hudson over the interpretation of an insurance contract is entirely separate from the Secretary's allegations that Defendants violated ERISA. (Doc. No. 62 at 3-4.) As a result, the Secretary contends that there are no benefits, in terms of convenience or economy, to merging these disparate claims into a single lawsuit and that allowing these new issues to be interjected into the Secretary's existing lawsuit, which has been pending for approximately a year, would delay the case, confuse the issues, and prejudice the Secretary by involuntarily making him a party to an unrelated state-law contract dispute. (*Id.*) In support of his arguments, the Secretary also cites several cases in which courts have denied insurers' attempts to intervene in an underlying case. (*Id.*)

In contrast, Defendants assert that Hudson's presence is necessary in order for there to be a complete and orderly adjudication of this action, for the Fund to marshal all of its potential assets and sources of recovery, and for the Fund to conclude its affairs. (Doc. No. 61 at 1.) Defendants also argue that no parties will be prejudiced by the inclusion of Hudson in this lawsuit because no discovery has yet commenced and the discovery necessary to adjudicate the duty to defend issue will

3

be limited since, under Ohio law, the duty to defend is determined based primarily on the allegations of the complaint. (*Id.*) Defendants also point out that the cases discussing intervention on which the Secretary relies involve a completely different standard than whether to permit the filing of a third-party complaint. (Doc. No. 63 at 3-4.)

Having considered the parties' arguments, the Court will grant Defendants leave to file their proposed third-party complaint. Allowing Defendants to implead Hudson will not greatly delay the case, as discovery has not yet commenced and discovery regarding Hudson's duty to defend will likely be limited. In addition, the Secretary has not demonstrated how the addition of Hudson would unduly confuse the issues or otherwise prejudice his interests. As such, impleader is warranted. The Court may consider issues regarding severance and appropriate case schedules once Hudson has been impleaded.

### III. Conclusion

For the reasons set forth above, Defendants' Motion (Doc. No. 61) is GRANTED. Defendants are directed to file their third-party complaint by May 8, 2020.

**IT IS SO ORDERED.**

Date: May 4, 2020

        *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE