**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SECRETARY OF U.S. DEPARTMENT OF LABOR, | CASE NO. 1:19-CV-00968 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | |
| ROBERT KAVALEC, et al., | |
| Defendants. | MEMORANDUM OF OPINION AND ORDER |

This matter comes before the Court upon David Schuster's Motion to Intervene ("Motion"), filed December 10, 2020. (Doc. No. 112.) Schuster's Motion is unopposed by either the Plaintiff or Defendants. For the reasons set forth below, the Court GRANTS Schuster's Motion.

**I.     Background**

On April 30, 2019, the Secretary of the United States Department of Labor ("the Secretary") filed a Complaint against Defendants Robert Kavalec ("Kavalec"), Charles Alferio ("Alferio"), Victor Collova ("Collova"), the Board of Trustees of the Fleet Owners Insurance Fund (the "Board"), and the Fleet Insurance Owners Fund ("the Fund") in this Court, setting forth claims for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (Doc. No. 1.) On December 10, 2020, David Schuster ("Schuster") filed the instant Motion, seeking to intervene, either as of right or permissively, as a party plaintiff in the Secretary's lawsuit against Defendants Kavalec, Alferio, the Fund, and the Board (collectively, "the Defendants").[1] (Doc. No. 112, PageID# 1714.) Schuster seeks to intervene because he believes the Defendants owe him health

---

[1] Schuster does not seek to bring a claim against Defendant Victor Collova, as Collova was no longer a trustee during the relevant time in which Schuster made his coverage claim. (Doc. No. 112, PageID# 1714.)

insurance benefits to which he is entitled and his right to collect such benefits may be impaired and his interests prejudiced if he is not permitted to intervene. (*Id.*)

According to Schuster, he received his contractually entitled health benefits through the International Brotherhood of Teamsters, Local 964, pursuant to an agreement between Local 964 and his employer, YRC Freight. (*Id.* at PageID# 1715.) YRC Freight was an employer-member of the Fund. (*Id.*) In March and April 2018, Schuster underwent eye surgery and related procedures at University Hospitals in Beachwood, Ohio. (*Id.* at PageID# 1716.) He believed that the surgery and attendant procedures "were covered by his employer sponsored health insurance, subject to any applicable deductible." (*Id.*) However, University Hospitals subsequently informed Schuster that an outstanding balance of $44,968.80 remained on his procedures. (*Id.*) Schuster received invoices and a collection letter regarding the unpaid balance. (*Id.*) Schuster contacted his employer, who informed him "that it had met its financial obligation to Fleet regarding Schuster's health insurance." (*Id.*)

Next, Schuster and his counsel contacted the Fund and its counsel to determine why his medical bills went unpaid. (*Id.*) According to Schuster, the Fund failed to provide a straightforward explanation for why Schuster's medical expenses were not covered or direct Schuster to a specific Fund provision that prohibited his medical expenses. (*Id.*) Schuster alleges that the Defendants eventually paid $10,079.72 towards Schuster's unpaid medical bills, but then "promptly attempted to claw it back when Schuster would not accept that sum in full payment" of his unpaid medical bills. (*Id.*) Schuster claims that Defendants told him that they made the payment "in error." (*Id.*)

Schuster's counsel continued to attempt to resolve the unpaid medical bills with Defendants' counsel. (*Id.*) Schuster alleges that, on November 3, 2020, Defendants' counsel told Schuster's counsel to "file a lawsuit" to resolve the unpaid medical bills. (*Id.*) On December 10, 2020, Schuster

filed the instant Motion, seeking to intervene as a plaintiff in this matter, because, according to Schuster, he has "no remedy to receive his entitled health insurance benefits other than filing this lawsuit." Neither the Secretary nor the Defendants filed an opposition to Schuster's Motion. Thus, Schuster's unopposed Motion is now ripe and ready for review.

**II.     Standard of Review**

Rule 24 is construed broadly in favor of potential intervenors. *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991). A court must allow a third party to intervene "as of right" when the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). According to the Sixth Circuit, a party seeking to intervene as of right must establish four factors before being entitled to intervene:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007).

Under Fed. R. Civ. P. 24(b)(1)(B), a court "may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law and fact." Fed. R. Civ. P. 24(b)(1)(B). In its exercise of discretion, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "Regarding permissive intervention, the Sixth Circuit has stated that if the motion for intervention is timely and at least one common question of law or fact exists, the balancing of undue delay, prejudice to the original parties, and any other relevant factors should be considered." *Trustees of Painting*

3

*Industry Ins. Fund v. Glass Fabricators, Inc.*, No. 1:14-cv-00313, 2014 WL 5878201, at *1 (N.D. Ohio Nov. 12, 2014) (citing *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)).

### III. Analysis

Schuster argues that he satisfies all four of the Sixth Circuit's factors. (Doc. No. 112, PageID# 1717.) First, Schuster argues his motion is timely because he filed it shortly after Defendants' counsel advised him to "file a lawsuit" to resolve his unpaid medical bills. (*Id.* at PageID# 1718.) Next, Schuster argues that he satisfies the second and third factors because he has a substantial legal interest in receiving the health benefits to which he is entitled and that he may be unable to protect this interest in the absence of intervention because the Fund "is no longer operational and has limited funds to pay its claims," including his own. (*Id.*) Finally, Schuster argues that the other parties before the Court cannot adequately protect his interests because, while Schuster's claims share some common questions of law and fact with the Secretary's claims, the Secretary's claims are not on behalf of impacted individuals seeking claim coverage, such as Schuster. (*Id.*)

The Court agrees that Schuster satisfies the Sixth Circuit's four factors and must be allowed to intervene as of right. First, Schuster's Motion is timely. "'Timeliness is a matter within the sound discretion of the district court' that must be 'determined from all the circumstances.'" *Trustees of Painting Industry Ins. Fund*, 2014 WL 5878201, at *2 (quoting *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 582 (6th Cir.1982)). "Among the factors that a court should consider in making this determination are the potential for prejudice to the original parties and the point to which the suit has progressed." *Id.* (citing *Stotts*, 679 F.2d at 582). Schuster filed his Motion shortly after Defendants' counsel told him to "file a lawsuit" to resolve the disputed unpaid medical bills. (Doc. No. 112, PageID# 1716.) Moreover, Schuster's intervention will not significantly disrupt the already-

established deadlines in this case or prejudice the existing parties, particularly since the Defendants urged Schuster to file a lawsuit to resolve his claims. *Cf. Trustees of Painting Industry Ins. Fund*, 2014 WL 5878201, at *2 (concluding proposed intervenor's motion was untimely because it was filed just as dispositive motion practice was closing and two months before trial was set to begin).

The Court also concludes that Schuster has a substantial legal interest in the matter. A proposed intervenor must have "a direct, substantial interest in the litigation which must be significantly protectable." *Purnell*, 925 F.2d at 947 (internal quotations omitted). Schuster has a direct, substantial interest in ensuring that he receives the medical benefits to which he is entitled. (Doc. No. 112, PageID# 1718.) Further, the Court concludes that Schuster satisfies the third factor, that Schuster's ability to protect his interest may be impaired in the absence of intervention. Because the Fund is no longer operational and possesses only limited funds, it is possible that, without intervention, Schuster would be unable to seek his benefits because the Fund would no longer have the capacity to pay out on his claim. (*Id.* at PageID# 1719.) Finally, the Court concludes that the parties already before it "cannot adequately protect the proposed intervenor's interest." *Coalition to Defend Affirmative Action*, 501 F.3d at 779. Schuster's claims differ from the Secretary's because Schuster's claims relate to his allegations that Defendants failed to pay for Schuster's own medical expenses. (Doc. No. 112, PageID# 1718.)

Because the Court concludes that Schuster must be allowed to intervene as of right, the Court need not address whether Schuster should be granted permission to intervene under Fed. R. Civ. P. 24(b)(1)(B).

## IV. Conclusion

For the reasons stated above, Proposed Intervenor David Schuster's Motion to Intervene (Doc. No. 112) is GRANTED.  Schuster is ordered to file his proposed Complaint (Doc. No. 112-1) by January 21, 2021, because a previously scheduled telephone status conference is set for January 22, 2021 at 1:30 p.m.

**IT IS SO ORDERED.**

Date:  January 20, 2021

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE