IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SECRETARY OF U.S. DEPARTMENT OF LABOR, | CASE NO. 1:19-CV-00968 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | |
| ROBERT KAVALEC, et al., | |
| Defendants. | MEMORANDUM OF OPINION AND ORDER |

Currently pending is Defendant Fleet Owners Insurance Fund's ("the Fund") Motion to Clarify Court Order Granting Preliminary Injunction and subsequent Motion to Withdraw Motion to Clarify. (Doc. Nos. 175, 178.) Plaintiff Secretary of Labor ("the Secretary") filed a response to the Fund's Motion to Clarify on August 16, 2021, requesting an expedited status conference regarding the Fund's recent appointment of Alley Pesto as the Fund's new Trustee. The Court DENIES the Fund's Motion to Withdraw Motion to Clarify. The Court DENIES the Secretary's request for a status conference. Such a status conference is unnecessary and would waste the Court's and the parties' time and resources because the Court's July 14, 2020 and January 25, 2021 Orders were *abundantly* clear. **An ERISA trustee is absolutely barred from paying himself or herself a salary from Fund assets under ERISA § 406(b)(1).** (*See* Doc. No. 92, PageID# 1443-45; Doc. No. 120, PageID# 1805-07.) It is irrelevant whether it is Defendant Kavalec or Alley Pesto paying himself or herself a salary for administrative work from Fund assets. ERISA § 406(b)(1) bars *any* Fund fiduciary from writing checks for Fund assets to himself or herself. (*Id.*) Fund counsel's position that "[t]he Fund respectively [sic] disagrees that Judge Barker's Order applies to compensation

generally of a trustee" is in bad faith—especially in light of the Fund's attempt to claw back its Motion to Clarify. (Doc. Nos. 177-1, PageID# 2701; Doc. No. 178.)

The Court need not conduct a status conference when it has clearly set out *twice* the black-letter law that an ERISA trustee may not self-deal with Fund assets. Should the Secretary wish to file a motion to appoint an independent fiduciary to oversee the remaining work of the Fund, the Secretary must file such a motion within 7 days of the date of this Order. Any Opposition thereto will be due within 14 days of the filing of the Secretary's Motion. The Secretary's Reply shall be due 7 days thereafter.

**IT IS SO ORDERED.**

Date: August 18, 2021

s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE